UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  11-23739-Civ-COOKE/TURNOFF

ANGELA GARRISON,

    Plaintiff
vs.

THE TOWN OF MIAMI LAKES, et al,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION
### FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

THIS MATTER is before me on Plaintiff's Motion for Leave to File First Amended Complaint.  (ECF No. 18).  I have reviewed the arguments, the record, and the relevant legal authorities.  For the reasons provided below, the Motion to Amend is granted.

### I.  BACKGROUND

On April 4, 2010, Defendants Lieutenant Edward Jarosz and Officer Ramon Del Valle (the "Officers") responded to Defendant Ivan Rodriguez's excessive noise complaint at Plaintiff Angela Garrison's home in Miami Lakes.  The Officers ordered Plaintiff to turn down the music playing in her backyard.  Plaintiff complied with the request; however, the Officers returned two subsequent times because of continuing neighbor complaints.  Upon returning a third time, the Officers arrested Plaintiff for disorderly conduct and for violating a local noise ordinance.  *See* Miami-Dade County, Code of Ordinances ch. 21, art. IV, § 21-28 (2010).  Plaintiff refused to sign a Promise to Appear in the Arrest Affidavit, and was jailed overnight.  On September 7, 2010, Plaintiff was acquitted of all criminal charges, and the charges were dismissed.

On September 12, 2011, Plaintiff initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiff asserted claims under 42 U.S.C. § 1983 (Counts I and II) and false arrest claims (Counts III and IV) against the Officers, the Town of Miami Lakes ("Miami Lakes"), and Miami-Dade County. Plaintiff also asserted a claim under § 1983 for malicious prosecution against Mr. Rodriguez (Count V). The action was removed pursuant to 28 U.S.C. § 1331, as a question of federal law. Plaintiff now moves to file a First Amended Complaint (ECF No. 18).

## II.  LEGAL STANDARD

A complaint must consist of a short and plain statement of jurisdiction, the grounds upon which the claim is based, and a request for relief. Fed. R. Civ. P. 8(a). A complaint must contain "sufficient factual matter" that states a claim for relief plausible on its face, and must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). "Generally, [w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (internal quotation omitted). A proposed amendment may be denied for futility "when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

## III.  DISCUSSION

Plaintiff seeks to amend her Complaint to add additional facts to state cognizable claims under § 1983 against the Officers, Miami Lakes, and Miami-Dade County. Plaintiff also seeks to modify her malicious prosecution claim, dropping the allegations against Mr. Rodriguez and

reasserting them against Miami Lakes and Miami-Dade County.  Upon consideration of Plaintiff's Motion to Amend, I must determine whether the amendments would be futile.  *See Coventry First, LLC*, 605 F.3d at 870.

**Violation of 42 U.S.C. § 1983 for False Arrest**

Plaintiff argues that the Officers, Miami Lakes, and Miami-Dade County violated her Constitutional rights by arresting her on April 4, 2010.  Any person who deprives another of a Constitutional right under the color of state law shall be liable to the injured party.  42 U.S.C. § 1983.  An individual has a Fourth Amendment right to be free from unreasonable search and seizure.[1]  U.S. Const. amend. IV.  To be reasonable, a seizure must be based upon probable cause.  *Id*.  As applicable to the facts of this case, the Officers must have witnessed Plaintiff committing a crime in their presence for probable cause to exist.  *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that an officer has probable cause to arrest when an individual has committed even a very minor crime in his presence).

The original Complaint does not assert sufficient facts to state a plausible claim for relief.  Plaintiff merely articulates legal conclusions and does not allege facts that would show that the Officers acted improperly.  The Proposed Amended Complaint, however, alleges that Plaintiff's music was "played at a volume which was low enough to allow conversation between adults at a normal voice level, standing a normal distance from each other" and that the music was "not audible from the street outside of Plaintiff's front door […] and was not audible by Plaintiff's immediate neighbors."  (Prop. Am. Compl. ¶¶ 15, 17).  The Proposed Amended Complaint also alleges that the Officers lacked probable cause to arrest Plaintiff because she was not in violation of the noise ordinance at the time of her arrest.  The absence of legal authority to arrest is

---

[1] Through operation of the Fourteenth Amendment, states are not permitted to conduct unreasonable search and seizure.  U.S. CONST. amend. XIV, § 1.

essential to Plaintiff's § 1983 claim for false arrest.  This amendment, therefore, would not be futile.[2]

**Violation of 42 U.S.C. § 1983 for Malicious Prosecution**

To establish a § 1983 claim for malicious prosecution, a plaintiff must prove a violation of her Fourth Amendment right to be free from unreasonable seizure, in addition to the elements of the common law tort of malicious prosecution.  *See Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).  Under Florida law, these elements are:  (1) institution of the original proceeding; (2) that the defendant was the legal cause of the original proceeding; (3) termination of the proceeding in favor of the accused; (4) absence of probable cause for the proceeding; (5) malice on the part of the defendant; and (6) damages.  *See id*.

Plaintiff's original Complaint fails to plead sufficient facts that would show a violation of a constitutional right or that Mr. Rodriguez acted with malice.[3]  Plaintiff seeks to amend her Complaint to instead assert the malicious prosecution claim against Miami Lakes and Miami-Dade County.  The Proposed Amended Complaint includes facts that demonstrate malice, including the existence of adversarial relationships with Ignacio Alvarez (the Mayor of Miami Lakes), Officer Jarosz, and other Miami-Dade County police officers.  Additionally, Plaintiff also adds facts to show that the Officers were directly communicating with Mayor Alvarez and other Miami Lakes officials throughout the incident and arrest.  (Prop. Am. Compl. ¶¶ 25, 30,

---

[2] The Defendants have separately filed motions to dismiss. (ECF Nos. 8, 11)  The motions assert that the Officers had arguable probable cause that the Defendants are immune from liability. However, this does not need to be presently addressed because the proposed amendment adds facts and allegations to support Plaintiffs constitutional violation claims.

[3] Moreover, the Fourth and Fourteenth Amendments only apply to governmental actors, and not to private citizens. U.S. CONST. amend. IV; U.S. CONST. amend. XIV, § 1.  Therefore, Plaintiff is unable to assert that Mr. Rodriguez violated her Constitutional rights to the extent that the violation was an unlawful seizure.

31). As with the amendment to Plaintiff's false arrest claim, the proposed amendment to the malicious prosecution claim would not be futile.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend (ECF No. 18) is **GRANTED** and Defendants' Motions to Dismiss (ECF Nos. 8, 11) are **DENIED** *as moot*. In accordance with Local Rule 15.1, Plaintiff is directed to separately file the Amended Complaint.

**DONE and ORDERED** in chambers, at Miami, Florida, this 23rd day of April 2012.

/s/ Marcia G. Cooke
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff*
*Counsel of Record*